UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:24-cr-00001-JRS-CMM |
| | ) | |
| JOSHUA SCHATZ, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

**02/05/2024**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Zachary A. Myers, United States Attorney for

the Southern District of Indiana, and, Samantha G. Spiro, Assistant United States Attorney ("the

Government"), and the defendant, Joshua Schatz ("the defendant"), in person and by counsel,

William H. Dazey, Jr., hereby inform the Court that a Plea Agreement has been reached in this

case pursuant to Federal Rules of Criminal Procedure 11(a)(2) and 11(c)(1)(B). The following

are its terms and conditions:

### Guilty Plea and Charge(s)

1.      **Plea of Guilty:** The defendant, having waived the right to indictment by a grand

jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following

offense charged in the Information:

        a.      Count 1, which charges that the defendant committed the offense of

Possession of Child Pornography, in violation of Title 18, United States Code, Section

2252A(a)(5)(B).

2. **Potential Maximum Penalties**:

a. **Count 1** is punishable by a maximum sentence of 20 years' imprisonment, a $250,000 fine, and five years' supervised release following any term of imprisonment.

3. **Potential Mandatory Minimum:**

a. Pursuant to Title 18, United States Code, Section 2252A(b)(2), a person who violates Section 2252A(a)(5)(B) and is found to have a prior conviction under Title 18, United States Code chapter 110, chapter 71, chapter 109A, or chapter 117, or undersection 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than 10 years.

b. The defendant was convicted of Child Molesting – Fondling or Touching with Child Under 14, in Vigo County Superior Court Cause No. 84D01-1505-F4-001057 on or about January 11, 2016.

4. **Elements of the Offense:** To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

a. **Count 1:**

i. The defendant knowingly possessed the material identified in the Information;

ii. The material identified in the Information contained child pornography;

iii.     The defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and

iv.      The material identified in the Information was mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or produced using materials that have been mailed, or shipped or transported in or affecting interstate commerce by any means, including by computer.

## General Provisions

5.      **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range; (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

6.    **Sentencing Court Not Bound by Guidelines or Recommendations:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court.  The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

7.    **Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

8.    **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.  The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

4

9.    **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Sentence of Imprisonment

10.    **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

a.    **Government's Recommendation:**   The Government has agreed to recommend a sentence within the Guideline range calculated by the Court at sentencing, provided that the defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

  b.  **Defendant's Recommendation:** The defendant is free to request any lawful sentence.

  c.  **Applicability of Mandatory Minimum:** The parties have NOT agreed on the applicability of the mandatory minimum sentence established by Title 18, United States Code, Section 2252A(b)(2).

  11.  **Placement:** The defendant requests that this Court recommend to the Federal Bureau of Prisons that the defendant serve any sentence of imprisonment imposed in this case at an institution named by the Defendant during the sentencing hearing. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The Government does not object to the defendant's requested recommendation.

  12.  **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

  13.  **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

**Monetary Provisions**

  14.  **Mandatory Special Assessment:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

6

15.     **Fine:** The parties have no agreement on the appropriateness, or amount, of any fine.

16.     **Restitution:** Pursuant to Title 18, United States Code, Section 3663(a)(3), the defendant agrees that he will make restitution to any minor victims that were depicted in the child pornography in the amount of at least $3,000 per victim. This includes all victims in the material he possessed and distributed. These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization. The Defendant also agrees that any restitution ordered by the Court shall not be dischargeable in any bankruptcy proceeding, and the Defendant will not seek or cause to be sought a discharge or a finding of dischargeability of the restitution obligation. The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

17.     **Other Claims:** Nothing in this agreement prevents any identified or unidentified victim of these offenses from seeking additional restitution if they choose to do so and can demonstrate losses higher than the amount of the agreed restitution. However, at the present time, the United States does not have any such victims presently identified.

18.     **Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the

defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Forfeiture

19. Defendant understands that any forfeiture order entered by the court is mandatory and is a part of defendant's sentence. Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), against Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree constitute property items that Defendant used or intended to be used to commit or to facilitate the commission of the offense of conviction and are therefore forfeitable under 18 U.S.C. § 2253(a)(3):

    a. Black Samsung cell phone, model SM-S326DL (Galaxy A32), IMEI 351162211846913.

20. Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

21.  Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Information filed in this case.  Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Information and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

22.  Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture.  Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

23.  This Court shall retain jurisdiction to settle any disputes arising from application of this cause.  Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

24.  Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

**25.**    **Abandonment**: If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

### Factual Basis for Guilty Plea

**26.**    The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

      **a.**    The defendant provided his Samsung Galaxy A32 smartphone (IMEI #351162211846913) to law enforcement, who forensically examined the phone pursuant

to a search warrant. The user-created profile for the phone was "Josh's A32" and an e-mail address associated with the phone was joshuaschatz29@gmail.com. The SIM phone number for the device was 812-281-1880, which the defendant identified as his phone number. The phone contained multiple images of the defendant as well as additional attribution evidence, including a Duke Energy Bill addressed to the defendant at his residence.

   b.    The defendant's phone contained a SanDisk Ultra Plus 32 GB SD card. That device contained at least 20 images and videos of child pornography depicting infant females believed to be less than six months old. The SD card also contained pictures of the defendant. Among the images and videos were the following:

- 1618830262893.ext_tw_video(1).mp4 is a 39-second video of a minor female under 12 years old laying on her back wearing a tank top. Her genitals are exposed. Her knees are pulled up and there is an adult male standing over her with his exposed penis between her legs. At 19 seconds, she sits up and the male puts his penis in her mouth and holds the back of her head. This video was recovered from the Trashcan folder of the SD card.

- 1617035164983.c76e9de7b77c25ec7f835d860498101f.jpg depicts an infant female naked, laying on a pad with her feet in the air and her genitalia exposed. This image was recovered from the Trashcan folder of the SD card.

- 1617035165212.x_af4aa50b.jpg depicts an infant female naked, laying on a onesie, with her genitalia exposed. There are baby products in the image with non-English writing on them. This image was recovered from the Trashcan folder of the SD card.

- 1617035165130.1P1050705.jpg depicts an infant female naked, laying on a blanket with her feet in the air and her genitalia exposed. She is holding a red teething ring in her hand. This image was recovered from the Trashcan folder of the SD card.

- 1617035165293.usrpx.jpg depicts an infant female naked, laying on a pad with her knees spread and her genitalia exposed. She is wearing pink socks and has a pacifier in her mouth. The date in the bottom right of the image shows a month in a non-English language, followed by "5 2007." This image was recovered from the Trashcan folder of the SD card.

- 1617035165094.i-2.bin depicts an infant female wearing a pink and white striped top and holding a multi-colored toy in her hand. Her feet are apart with her genitalia exposed. This image was deleted from the SD card and recovered using forensic tools.

- MD5: 6a0c5d0b4bccd040b48329997e39ce28 depicts an infant female wearing a white top and socks with red trim, laying on a pink/white blanket with her feet in the air and her genitalia exposed. This image was deleted from the SD card and recovered using forensic tools.

- MD5: c4e9947bea75afa48142b6b1a3a7f1a6 depicts an infant female naked, laying on a pad with her feet in the air and her genitalia exposed. This image was deleted from the SD card and recovered using forensic tools.

- MD5: b20d128f68c1cdd49ebaa2e18593b055 depicts an infant female naked, laying on a butterfly pad with her feet in the air and her genitalia exposed. This image was deleted from the SD card and recovered using forensic tools.

- MD5: 35e53894aa4b0fafd19f244be8bf2507 depicts an image of 2 infant females laying next to each other on a blanket. One female is wearing a green top, the other female is wearing a pink/white top with a clown on it. Both infants' genitalia are exposed. This image was deleted from the SD card and recovered using forensic tools.

c.      The defendant knew that the material on his device depicted one or more minors and that the minors were engaged in sexually explicit conduct.

d.      The device used by the defendant to possess child pornography was manufactured outside the State of Indiana or contained parts manufactured outside the State of Indiana.

e.      The defendant's possession of child pornography occurred in the Southern District of Indiana, Terre Haute Division.

### Other Conditions

27.     **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

28.     **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

29.    **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

<u>**Sentencing Guideline Stipulations**</u>

30.    **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2023 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

a.    **Base Offense Level:** The parties agree that the base offense level is 18, pursuant to U.S.S.G. § 2G2.2(a)(2).

b.    The offense level increases by 2 because the material involved a prepubescent minor or a minor who had not attained the age of 12 years. U.S.S.G. § 2G2.2(b)(2).

c.    The offense level increases by 4 because the offense involved material that portrays the sexual abuse or exploitation of an infant or toddler. U.S.S.G. § 2G2.2(b)(4).

d.    The offense level increases by 2 because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. U.S.S.G. § 2G2.2(b)(6).

14

e.      The offense level increases by 2 because the offense involved at least ten images but fewer than 150 images.  U.S.S.G. § 2G2.2(b)(7)(A).

f.      **Acceptance of Responsibility:**  To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing.  The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.  The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

g.      **Final Offense Level:**  25

## Waiver of Right to Appeal

31.    **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  **Pursuant to Fed. R. Crim. P. 11(a)(2), the one**

15

exception to this waiver is that if the Court determines that the mandatory minimum sentence contained in Title 18, United States Code Section 2252A(b)(2) is applicable in this case, the defendant retains the right to appeal that determination. The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

32. **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

a. **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

b. **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to

appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

        **c.**      **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13. The government reserves the right to oppose any motion for compassionate release on any grounds.

**33.**      **No Appeal of Supervised Release Term and Conditions:** The defendant waives the right to appeal the length and conditions of the period of supervised release.

**Presentence Investigation Report**

**34.**      The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**35.**      The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

**Immigration Consequences**

**36.**      The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant

17

understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Statement of the Defendant

37.     By signing this document, the defendant acknowledges the following:

a.     I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

b.     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.     I have read the entire Plea Agreement and discussed it with my attorney.

d.     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would

plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f.      I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

i.      I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the

United States has the right to appeal any sentence that I receive under this Plea Agreement.

k.      My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

l.      If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Certificate of Counsel

38.      By signing this document, the defendant's attorney and counselor certifies as follows:

a.      I have read and fully explained to the defendant all the accusations against the Defendant which are set forth in the Information in this case;

b.      To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

c.      The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

20

**d.**      In my opinion, the defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Fed. R. Crim. P. 10, is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**e.**      In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Final Provision

39.    **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

_____
DATE

Samantha G. Spiro
Assistant United States Attorney

2/1/24
_____
DATE

William L. McCoskey
Chief, Drug Trafficking Unit

1/31/24
_____
DATE

Joshua Lee Schatz
Joshua Schatz
Defendant

1-31-24
_____
DATE

William H. Dazey
Counsel for Defendant

22